# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| TACTICAL ORDINANCE & | ) | Case No. 04-04422 TLM |
| EQUIPMENT CORPORATION, | ) | |
| | ) | |
| Debtor. | ) | MEMORANDUM OF DECISION |
| _____ | ) | |
| IN RE | ) | |
| | ) | |
| JAMES M. RYAN, | ) | Case No. 04-04423 TLM |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| IN RE | ) | |
| | ) | |
| MARK ALLAN WEISS, | ) | Case No. 04-04424 TLM |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

## BACKGROUND AND FACTS

Petitions for relief were filed by the each above named debtors on

December 13, 2004.  The case of Tactical Ordinance & Equipment Corporation

MEMORANDUM OF DECISION - 1

("TOE") is a chapter 7 liquidation. The cases of James M. Ryan ("Ryan") and Mark Allan Weiss ("Weiss") are chapter 13 reorganizations.[1]

On December 14, 2004, the day after the bankruptcy filings, creditors Richard A. Garcia, Joyce A. Olenik and TriTech Training, Inc. (collectively "Creditors") filed a motion in each case asking the Court to lift the § 362(a) automatic stay so they could prosecute a jury trial in state court against Debtors.

All three Debtors oppose Creditors' motion. The chapter 7 trustee in the TOE case, Richard Crawforth ("TOE Trustee"), filed no formal objection but also opposes Creditors' motion. The chapter 13 trustees for Debtors Ryan and Weiss do not object to stay relief.

The underlying state court litigation (all within the courts of the Fourth Judicial District of the State of Idaho, in and for Ada County) has a lengthy history. As explained by the state court in its memorandum of decision regarding partial summary judgment, Ex. 21, the litigation between these parties began when Creditors filed a small claims lawsuit against Debtors alleging a breach of a license agreement. Immediately before the small claims action was to be tried, TOE filed an action in the district court against one of the Creditors, Richard Garcia, alleging breach of fiduciary duty, conversion, unjust enrichment, negligence, and interference with prospective economic advantage. TOE asked the district court to

---

[1] TOE, Ryan and Weiss are collectively referred to herein as "Debtors."

MEMORANDUM OF DECISION - 2

consolidate this suit with the small claims action, but apparently neglected to ask the small claims court, which entered a default judgment in favor of Creditors. After that judgment was set aside, the small claims case was tried and another judgment, for $4,035.00, was entered in favor of Creditors. Creditors filed another complaint against Debtors in the district court in which they again alleged several counts including breach of a shareholders' agreement and licensing agreement. The two district court cases were consolidated. *Id.* at 1-3.

A preliminary injunction was entered against Debtors, and the court also entered partial summary judgment in favor of Creditors. However, two days before the trial was to start, Debtors filed their bankruptcy petitions.

Creditors immediately requested that this Court lift the automatic stay on an emergency basis to allow them to try the action as scheduled. The Court refused this extraordinary relief, and Creditors thereafter continued to urge their request for stay relief so that they could obtain another trial date and proceed in state court.

A final hearing under § 362(e) was held before this Court on February 10, 2005. After reviewing the evidence presented at the hearing and the arguments of the parties, the Court concludes Creditors' motion for stay relief should be denied at this time. The Court's findings of fact and conclusions of law, as required by Rule on these contested matters, are set forth in this Decision.

MEMORANDUM OF DECISION - 3

**DISCUSSION AND DISPOSITION**

    **A. Standards for stay relief**

When the bankruptcy petitions were filed, an automatic stay went into effect under § 362(a)(1), prohibiting Creditors from continuing the state court litigation against Debtors. The "breathing spell" debtors receive under § 362(a) is a well recognized, intentional benefit of bankruptcy relief, and among other things permits debtors to evaluate their situation and propose a repayment plan. *See, e.g., Benedor Corp. v. Conejo Enters., Inc. (In re Conejo Enters., Inc.)*, 96 F.3d 346, 351-52 (9th Cir. 1996). The stay also protects creditors from one another, and furthers the bankruptcy design of an orderly, collective claim resolution and payment process. *Id.*

But while the automatic stay is one of the fundamental protections for bankruptcy debtors, creditors are not without recourse. Section 362(d) directs courts to grant relief from the stay when cause is shown.[2]

"Cause" is not defined in the Bankruptcy Code. Instead, this Court must exercise its discretion on a case by case basis to determine whether sufficient cause

---

[2] Section 362(d), in relevant part, states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay —
>     (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

MEMORANDUM OF DECISION - 4

has been demonstrated to support relief from the automatic stay. *See Christensen v. Tucson Estates, Inc. (In re Tuscon Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990); *Santa Clara County Fair Assoc., Inc. v. Sanders (In re Santa Clara County Fair Assoc., Inc.)*, 180 B.R. 564 (9th Cir. BAP 1995).

In appropriate circumstances, stay relief can be granted to allow litigation in non-bankruptcy forums to continue. Such a possible modification of the stay was clearly contemplated by Congress:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

H.R.Rep. No. 95-595 at 341 (1977); S.Rep. No. 95-989 at 50 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836; *but see In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984) (noting that Congress intended to limit such stay relief "to a fairly narrow category of circumstances bearing little relationship to the bankruptcy case or to the purpose of the stay.").

In order to determine if cause exists to modify the stay and allow pending litigation to continue in another forum, several courts have come up with lists of "factors" to be weighed. Recently, the court in *Truebro, Inc. v. Plumberex Specialty Products, Inc. (In re Plumberex Specialty Products, Inc.)*, 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004), listed the following twelve nonexclusive factors:

MEMORANDUM OF DECISION - 5

> 1. Whether the relief will result in a partial or complete resolution of the issues;
> 2. The lack of any connection with or interference with the bankruptcy court;
> 3. Whether the foreign proceeding involves the debtor as a fiduciary;
> 4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;
> 5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
> 6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
> 7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
> 8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);
> 9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);
> 10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;
> 11. Whether the foreign proceedings have progress to the point where the parties are prepared for trial, and
> 12. The impact of the stay on the parties and the "balance of hurt."

311 B.R. at 559 (quoting *Curtis*, 40 B.R. at 799-800); *see also Edmondson v. Am. W. Airlines, Inc (In re Am. W. Airlines, Inc.)*, 148 B.R. 920, 922 (Bankr. D. Ariz. 1993) (listing three general determinations and seven specific factors a court should consider in determining whether to modify the stay).[3]

Certain factors may tilt decidedly in favor of the motion, and others in the

---

[3] As the *Plumberex Specialty* court recognized, the factors a court considers when deciding whether to lift the stay for litigation to continue in another forum "are closely related to those that a bankruptcy court must consider in deciding whether to exercise permissive abstention under 28 U.S.C. § 1334(c)(1)." 311 B.R. at 558 (noting the Ninth Circuit's decision in *Tucson Estates,* 912 F.2d at 1165-67, and the twelve factors for permissive abstention listed therein).

MEMORANDUM OF DECISION - 6

opposite direction. Still others may add little to the balance. At best, these factors provide analytic tools by which proof can be sifted and weighed, assisting the Court in appropriately exercising its discretion. *See Plumberex Specialty*, 311 B.R. at 559-60 (noting that not all twelve factors will be relevant and some factors may weigh heavier in a court's determination than others).

### B. Burdens

A stay relief motion also presents a shifting burden. *See Plumberex Specialty*, 311 B.R. at 557 (citing *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990)).[4] Initially, the party requesting relief from stay must make a *prima facie* showing of cause under § 362(d)(1). *See* Collier on Bankruptcy § 362.10 at 362-117 ("Failure to prove a *prima facie* case requires denial of the requested relief"). Once that is accomplished, the burden of persuasion shifts to debtor to demonstrate why stay relief should not be granted. *See also* §§ 362(g)(1), (g)(2) (opponent bears burden of proof on all issues save that of debtor's equity in property).

### C. Analysis

#### 1. The chapter 7 case of TOE

The TOE Trustee opposes stay relief. He correctly notes that his duties

---

[4] *See also* 3 Collier on Bankruptcy § 362.10 at 362-118 (Alan N. Resnick & Henry J. Sommer eds., rev. 15th ed. 2002) (discussing the shifting burden)

MEMORANDUM OF DECISION - 7

include evaluating all the assets of the estate, including the causes of action TOE asserts against Creditors. In bankruptcy terms, the TOE case is relatively "young." The TOE Trustee is not yet in a position to speak to the value of this asset, or fully evaluate the potentially offsetting liabilities Creditors contend exist. The TOE Trustee is reasonably entitled to the time and opportunity to undertake his analysis and determine how best to administer the property of the estate.[5]

The termination of the stay in favor of state court litigation would put the TOE Trustee in an unnecessarily difficult position. Continuation of the stay will allow him to evaluate all relevant information regarding this complex litigation (including information that Creditors, as well as Debtors, would like him to consider) and determine what course is best for creditors generally and for the estate. His options are several: the TOE Trustee may seek to prosecute the causes of the estate, through his own or special counsel; he may seek to abandon the claims under § 554; or he may negotiate and seek Court approval of compromise of the claims between the estate and Creditors.

Of the several factors that weigh on the question of stay relief in the chapter

---

[5] Congress recognized that "it is important that the trustee have an opportunity to inventory the debtor's position before proceeding with the administration of the case." H.R.Rep. No. 95-595 at 341 (1977); S.Rep. No. 95-989 at 50 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836

MEMORANDUM OF DECISION - 8

7 case, the Court finds these considerations paramount.[6] The TOE Trustee should and will be allowed an opportunity to do his job and evaluate his options. Lifting the stay would essentially make that choice for him, or at least drastically alter the dynamics of the decision. Creditors' motion as to TOE will be denied. Denial is without prejudice, and the request may be renewed depending on further developments in the case.[7]

### 2. The Weiss and Ryan chapter 13 cases

The chapter 13 Debtors strongly oppose stay relief. They contend, and the evidence would support, that there is no insurance providing for their defense of the actions in state court. Stay relief thus, they argue, would have a dramatic impact on their attempts to reorganize. *See, e.g.,* § 1325(b) (addressing debtor's commitment of "disposable income" to the plan).

Creditors argue that neither Weiss' nor Ryan's chapter 13 proceedings are likely to succeed. Creditors point to several issues that, at least in their view, almost conclusively establish a prospective inability of either Weiss or Ryan to

---

[6] In general, the Court views the *Plumberex* factors that apply (several being irrelevant) as preponderating against stay relief.

[7] Obviously, those developments might moot the need for such relief. The inability to predict those future events with certainty is one of the stronger reasons supporting denial of the motion at the present time.

MEMORANDUM OF DECISION - 9

confirm a chapter 13 plan.[8] To some degree, the chapter 13 trustees share this view; both noted several existing or potential concerns related to confirmation or successful completion of their respective debtor's chapter 13 plan.

These arguments, however, miss the point. The hearings were not on requests for dismissal or conversion of the chapter 13 cases under § 1307(c), nor were they hearings on confirmation of the plans initially proposed by Weiss and Ryan. The issue was whether the stay should be lifted. If the stay is lifted, Weiss and Ryan would be required to defend in state court, at their own expense, or risk entry of default judgment. In either event, the impact on their ability to reorganize, and thus the interests of their other creditors, is placed at issue.

The litigation, under Creditors' motion, is for purposes of liquidating the claim, and Creditors admit that they would be required to return to this Court to assert their judgment. *See* Case No. 04-04423-TLM, Doc. No. 5 at 1; Case No. 04-04424-TLM, Doc. No. 8 at 1. Creditors give short shrift to the bankruptcy processes that exist to address questions of claims. Section 502(c)(1), for example, allows for estimation of contingent or unliquidated claims where liquidation might unduly delay administration. Similarly, the entire process of plan proposal and confirmation may have an impact on whether the claims must

---

[8] One should be careful not to paint with too wide a brush. Each debtor presents different facts and circumstances, as well as similar ones.

MEMORANDUM OF DECISION - 10

be liquidated.

Further, nothing prohibits Creditors (or the chapter 13 trustees for that matter) from seeking dismissal or conversion if they feel they can meet the standards of § 1307(c). Dismissal would terminate the stay. Were one or both cases converted to chapter 7 liquidations, another set of considerations would be presented that might impact the parties' decisions about litigating the claims.

All in all, the chapter 13 bankruptcy process provides sufficient protection to Creditors, including the ability to renew the request for stay relief depending on developments in these cases. The bankruptcy processes move quickly enough that the impact on Creditors from delay is ameliorated in the event they later obtain stay relief and ask the state court for a new trial setting.

The Court has considered all the factors identified in the above cited cases, and those argued by the parties at hearing. Certainly a few might be viewed as favoring Creditors and stay relief. However, the Court concludes that the majority of the factors identified herein, including those discussed, support denial of the motions and allowing the chapter 7 and chapter 13 bankruptcy processes to go forward.[9]

---

[9] The parties argued at some length at the § 362(e) hearing the merits of their state law claims against one another. They will note that the Court has not addressed them in detail in this Decision. The conclusion not to do so is intentional. First, the strength or weakness of any of the claims, running either direction, is not directly relevant to the question of whether the stay should be lifted. Second, there is an appropriate sensitivity to the possibility that the merits of these

(continued...)

MEMORANDUM OF DECISION - 11

**CONCLUSION**

Upon the foregoing, the Court concludes that each of the stay lift motions will be denied, though without prejudice to renewal later in the respective cases depending upon developments. Orders will be entered accordingly.

DATED: March 17, 2005



TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[9](...continued)
unadjudicated causes may need to be addressed in the future by either this Court or the state court.

MEMORANDUM OF DECISION - 12

CERTIFICATE RE: SERVICE

A "notice of entry" of this Decision, Order and/or Judgment has been served on Registered Participants as reflected by the Notice of Electronic Filing. A copy of the Decision, Order and/or Judgment has also been provided to non-registered participants by first class mail addressed to:

Thomas P. Mulally
SZABO, SPENCE & MULALLY
14156 Magnolia Blvd., Suite 200
Sherman Oaks, CA 91423

Jeffrey A. Strother
STROTHER LAW
P.O. Box 1712
Boise, ID 83701

Case No. 04-04422-TLM (Tactical Ordinance & Equipment Corporation)
Case No. 04-04423-TLM (James M. Ryan)
Case No. 04-04424-TLM (Mark A. Weiss)

Dated: March 17, 2005

/s/
Jo Ann B. Canderan
Judicial Assistant to Chief Judge Myers

MEMORANDUM OF DECISION - 13